[Cite as *State v. Martin*, 2026-Ohio-2715.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115600 |
| v. | : | |
| DIAMONTE DEVON MARTIN, | : | |
| Defendant-Appellant. | : | |

___

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** July 16, 2026

___

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-697584-B

___

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brad S. Meyer, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Diamonte Devon Martin appeals from the sentence imposed by the Cuyahoga County Court of Common Pleas following his guilty plea to involuntary manslaughter and related offenses. He raises two assignments of error, each challenging his sentence as contrary to law. For the

reasons that follow, we overrule Martin's second assignment of error and sustain his first assignment of error as to the statutory advisements. The judgment is affirmed, and the matter is remanded for the limited purpose of providing Martin with the notifications required by R.C. 2929.19(B)(2)(c).

## I. Background and Factual History

{¶ 2} Martin's convictions arise from a shooting that occurred on August 18, 2024, at E. 117th St. and Gray Ave. in Cleveland. Cleveland police responded to the scene and located a Kia that had crashed into a utility pole. The driver, 18-year-old Amarion Bush, had sustained a fatal gunshot wound to the back of the head. (Tr. 54-55.) Investigation revealed that the fatal shot was fired from inside Bush's own vehicle and ballistic evidence indicated that Martin, who was seated in the back right passenger seat, fired that shot. (Tr. 57.) Surveillance video showed the Kia performing a turn before a Nissan, which police believed had been pursuing the Kia, approached; an exchange of gunfire followed. (Tr. 56.)

{¶ 3} A Cuyahoga County Grand Jury returned an 18-count indictment naming Martin and two codefendants. As to Martin, the indictment charged aggravated murder, murder, aggravated robbery, two counts of felonious assault, discharge of a firearm on or near prohibited premises, and receiving stolen property, with various firearm specifications. Martin was arraigned on December 13, 2024.

{¶ 4} On July 2, 2025, Martin entered into a negotiated plea agreement. The State amended Count 11 from murder to involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree, retaining a one-year firearm

specification and dismissing the three- and five-year firearm specifications. Martin pleaded guilty to that amended count, felonious assault as charged in Count 13 in violation of R.C. 2903.11(A)(1), a felony of the second degree, with the firearm specifications deleted, and to receiving stolen property as charged in Count 16 in violation of R.C. 2913.51(A), a felony of the fourth degree, with the specifications deleted. The remaining counts against Martin were nolled. As a condition of the plea, Martin agreed to testify truthfully against his remaining codefendant. (Tr. 29-46.)

{¶ 5} The trial court conducted a sentencing hearing on August 14, 2025. The court reviewed the presentence-investigation report and heard statements from the victim's mother, from Martin's mother and father, and from Martin himself. (Tr. 51-67.) Defense counsel emphasized Martin's immediate cooperation with law enforcement, his truthful statement, his recovery of the weapon, his remorse, his youth, his family support, and his nonviolent criminal history. (Tr. 51-54.)

{¶ 6} The court stated that it had considered the record, the presentence-investigation report, the statements made in court, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. (Tr. 67.) The court observed that the offense appeared to be "more of an accident than something that was done purposely," acknowledged Martin's cooperation, and recognized the gravity of the loss to the victim's family. (Tr. 68.)

{¶ 7} The court imposed nine years on the amended Count 11, three years on Count 13, and one year on Count 16, ordering those terms to run concurrently.

The one-year firearm specification was ordered to be served prior to and consecutively to the underlying terms, for an aggregate minimum term of ten years. Pursuant to the Reagan Tokes Law, the court imposed an indefinite term carrying a maximum of an additional four and one-half years, for an aggregate maximum of 14 1/2 years. (Tr. 69-70.)

{¶ 8} Martin timely appealed raising the following assignments of error for review.

## II. Assignments of Error

1. Appellant's sentence is contrary to law because the trial court did not provide the advisements required by R.C. 2929.19(B)(2)(c) during the sentencing hearing.

2. Appellant's sentence is contrary to law because the record does not support the sentence.

## III. Law and Analysis

### A. Standard of Review

{¶ 9} We review felony sentences under R.C. 2953.08(G)(2). *State v. Marcum,* 2016-Ohio-1002, ¶ 1. Under that standard, an appellate court may increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing, only if it clearly and convincingly finds that the record does not support the sentencing court's findings under the relevant statutory provisions enumerated in R.C. 2953.08(G)(2)(a), or that the sentence is otherwise contrary to law under R.C. 2953.08(G)(2)(b).

{¶ 10} For ease of analysis, we address the assignments of error out of order.

## B.  Consideration of R.C. 2929.11 and 2929.12

{¶ 11}  In his second assignment of error, Martin contends the sentence is contrary to law because the record does not support the sentence.

{¶ 12}  Martin argues that the trial court failed to afford adequate weight to the substantial mitigating circumstances present in the record, his immediate cooperation, his genuine remorse, his lack of any history of violence, the accidental nature of the shooting, and his family support, and that, in light of those circumstances, the sentence is clearly and convincingly unsupported by the record under R.C. 2929.12(C)(4).

{¶ 13}  The Supreme Court of Ohio has foreclosed this line of argument.  In *State v. Jones*, 2020-Ohio-6729, the Court held that yes, "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.  Consequently, we hold that the lead opinion erred by permitting this type of review." *Id.* at ¶ 39.  Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with those statutes.  *Id.* at ¶ 42.  This court has accordingly held that a sentence is not contrary to law where it falls within the statutory range and the trial court considered R.C. 2929.11 and 2929.12, and that the court's consideration of those statutes is presumed absent an affirmative showing to the contrary.  *State v. Roby*,

2023-Ohio-1889, ¶ 9 (8th Dist.); *State v. Artis*, 2022-Ohio-3819, ¶ 13 (8th Dist.); *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.).

{¶ 14} Neither R.C. 2929.11 nor 2929.12 imposes a fact-finding requirement or directs that any particular weight be assigned to any factor, even where the court imposes a more-than-minimum term. *Artis* at ¶ 13.

{¶ 15} Here, the nine-year term imposed on the first-degree felony count falls within the three-to-eleven-year range authorized by R.C. 2929.14(A)(1), and the record reflects that the trial court expressly considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. (Tr. 67.) Indeed, the court identified on the record the very mitigating circumstances Martin presses on appeal. Martin's contention is, in substance, that the court should have weighed those circumstances differently. *Jones* does not permit us to engage in that reweighing. Accordingly, the sentence is not contrary to law on this ground.

{¶ 16} Martin's second assignment of error is overruled.

## C. R.C. 2929.19(B)(2)(c) Advisements

{¶ 17} In his first assignment of error, Martin argues his sentence is contrary to law because the trial court did not provide the advisements required by R.C. 2929.19(B)(2)(c) during the sentencing hearing.

{¶ 18} When a trial court imposes a non-life felony indefinite prison term, R.C. 2929.19(B)(2)(c) requires five notifications. The court must advise the offender that (1) there is a rebuttable presumption of release at the expiration of the

minimum term, (2) the Ohio Department of Rehabilitation and Correction ("DRC") may rebut that presumption at a hearing, (3) the DRC may maintain incarceration beyond the minimum term if the presumption is rebutted, (4) the DRC may make those determinations more than once, and (5) release is required upon expiration of the maximum term.

{¶ 19} No specific language is required, but the trial court must convey the substance of each of these notifications at the time of sentencing. *State v. Gates*, 2022-Ohio-1666, ¶ 25 (8th Dist.). The failure to provide the required advisements at sentencing constitutes error. *Id.* In that case, the matter must be remanded for the purpose of providing the offender with the notifications required by R.C. 2929.19(B)(2)(c). *Id.* at ¶ 27.

{¶ 20} In the instant case, the record of the sentencing hearing reflects that the trial court conveyed some, but not all, of the required notifications. The court advised Martin that ten years was the presumptive term at which he "would get out," which substantially conveyed the rebuttable presumption of release described in division (B)(2)(c)(i). (Tr. 70.) The court further advised that, depending on his conduct in prison, the DRC could "keep [him] up to an additional four and a half years for a total of 14 1/2 years." (Tr. 49-50, 70.)

{¶ 21} Here, the trial court informed Martin that he could serve up to an additional four and one-half years based upon his conduct in prison and that there was a presumption he would be released after serving ten years. Although the trial court informed Martin that his conduct in prison could result in additional

incarceration, it did not advise him that the DRC could rebut the presumption of release only after conducting a hearing, making the determinations required by R.C. 2967.271, and following the statutory process governing extension of incarceration beyond the minimum term. Nor did the court advise Martin, as required by divisions (B)(2)(c)(iv) and (v), that the DRC may make those determinations more than once or that he must be released upon expiration of the maximum prison term. For these reasons, we determine that the trial court did not provide the advisements required by R.C. 2929.19(B)(2)(c) during the sentencing hearing.

{¶ 22} Martin's first assignment of error is sustained.

{¶ 23} Accordingly, the judgment is affirmed, and the cause is remanded to the trial court for the limited purpose of providing appellant with the notifications required by R.C. 2929.19(B)(2)(c).

It is ordered that appellee pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Appellant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence and for the limited purpose of providing the notifications required by R.C. 2929.19(B)(2)(c).

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR